FILED
CLERK
2:32 pm, Jan 05, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
JOSEPH BYRNE,

                Plaintiff,        **MEMORANDUM OF**
                                        **DECISION & ORDER**
      -against-              16-cv-3134 (ADS)

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**Christopher James Bowes**
*Attorney for the Plaintiff*
54 Cobblestone Drive
Shoreham, NY 11786
       By:    Christopher J. Bowes, Esq., Of Counsel

**United States Attorney's Office for the Eastern District of New York**
*Attorneys for the Defendant*
271 Cadman Plaza East
Brooklyn, NY 11201
       By:    Dara A. Olds, Assistant United States Attorney

**SPATT, District Judge**:

       On June 15, 2016, the plaintiff, Joseph Byrne (the "Plaintiff" or the "Claimant"), commenced this appeal pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), challenging a final determination by the defendant, Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration (the "Defendant" or the "Commissioner"), that he is ineligible to receive Social Security disability insurance benefits.

       Presently before the Court are the parties' cross motions, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(c) for a judgment on the pleadings. For the reasons

1

that follow, the Plaintiff's motion is denied in its entirety, and the Defendant's motion is granted in its entirety.

## I. BACKGROUND

On October 18, 2013, the Plaintiff applied for disability insurance benefits under the Act, alleging that he has been disabled since July 27, 2009. The Plaintiff claims that he is disabled because of hip, knee, shoulder and back injuries, as well as sinusitis and gastroesophageal reflux disease related to time spent at the World Trade Center in 2001.

His claim was denied on December 11, 2013, and he requested a hearing. The Plaintiff appeared with counsel before Administrative Law Judge Patrick Kilgannon (the "ALJ") on May 12, 2015. On August 28, 2015, the ALJ issued a written decision in which he found that the Plaintiff was not entitled to disability benefits under the Act.

The Plaintiff sought a review by the Appeals Council, which denied his request on April 12, 2016. With his request for review, the Plaintiff included a December 30, 2015 letter from Andrew Pasternack, a vocational expert. The ALJ's decision became the final decision of the Commissioner upon the Appeals Council's denial of the Plaintiff's request for review.

On June 15, 2016, the Plaintiff filed the instant action. The parties submitted the matter as fully briefed to the Court on March 29, 2017.

For purposes of these motions, familiarity with the underlying administrative record is presumed. The Court's discussion of the evidence will be limited to the specific challenges and responses presently raised by the Plaintiff and the Defendant. In this regard, references to the record are denoted as "R."

## II. DISCUSSION

### A. The Standard For Benefits Under The Act

The Act defines the term "disability" to mean an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person may only be disabled if his, "impairments are of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner is required to apply the five-step sequential process promulgated by the Social Security Administration, set forth in 20 C.F.R. § 404.1520. *Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir. 1999). The Claimant bears the burden of proving the first four steps, but then the burden shifts to the Commissioner at the fifth step to prove that the Claimant is capable of working. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008); *Rosa,* 168 F.3d at 77. *See also Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) ("If the claimant satisfies her burden of proving the requirements in the first four steps, the burden then shifts to the [Commissioner] to prove in the fifth step that the claimant is capable of working."). "If at any step a finding of disability or non-disability can be made, the [Social Security Administration] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24, 124 S. Ct. 376, 379, 157 L. Ed. 2d 333 (2003).

Under the five-step sequential evaluation process, the decision-maker decides:

(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity"

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014); *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); 20 C.F.R. §§ 404.1520, 416.920. When conducting this analysis, the ALJ must consider the objective medical facts, the diagnoses or medical opinions based on these facts, the subjective evidence of pain and disability, and the claimant's age, background, education and work experience. *Mongeur v. Heckler*, 722 F.2d 1033, 1037 (2d Cir. 1983) (per curiam).

**B. The Standard Of Review**

"Judicial review of the denial of disability benefits is narrow" and "[t]he Court will set aside the Commissioner's conclusions only if they are not supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Koffsky v. Apfel*, 26 F. Supp. 2d 475, 478 (E.D.N.Y. 1998) (Spatt, J.) (citing *Bubnis v. Apfel*, 150 F.3d 177, 179-81 (2d Cir. 1998)); *accord Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)); 42 U.S.C. § 504(g). *See also Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."); *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (describing review of the Commissioner's decision as a requiring "two levels of inquiry"). The ALJ is required to set forth those crucial factors used to justify his or her findings with sufficient particularity to allow the district court to make a determination regarding the existence of substantial evidence. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

Accordingly, "the reviewing court does not decide the case *de novo*." *Pereira v. Astrue*, 279 F.R.D. 201, 205 (E.D.N.Y. 2010) (citing *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir.

2004)). Rather, "the findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive," *id*. (citing 42 U.S.C. § 405(g)), and therefore, the relevant question is not "whether there is substantial evidence supporting the [claimant's] view." Instead, the Court "must decide whether substantial evidence supports *the ALJ's decision*." *Bonet v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order) (emphasis in original). In this way, the "substantial evidence" standard is "very deferential" to the Commissioner, and allows courts to reject the ALJ's findings "'only if a reasonable factfinder would *have to conclude otherwise*.'" *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)). This deferential standard applies not only to factual determinations, but also to "inferences and conclusions drawn from such facts." *Pena v. Barnhart*, No. 01-cv-502, 2002 WL 31487903, at *7 (S.D.N.Y. Oct. 29, 2002) (citing *Levine v. Gardner*, 360 F.2d 727, 730 (2d Cir. 1966)).

"Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Burgess v. Astrue*, 537 F.3d 117, 127-28 (2d Cir. 2008) (quoting *Halloran*, 362 F.3d at 31); *accord Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S. Ct. 456, 464, 95 L. Ed. 456 (1951)).

An ALJ's findings may properly rest on substantial evidence even where he or she fails to "recite every piece of evidence that contributed to the decision, so long as the record 'permits [the

Court] to glean the rationale of an ALJ's decision.'" *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (summary order) (quoting *Mongeur*, 722 F.2d at 1040). This remains true "even if contrary evidence exists." *Mackey v. Barnhart*, 306 F. Supp. 2d 337, 340 (E.D.N.Y. 2004) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998)).

The Court is prohibited from substituting its own judgment for that of the Commissioner, even if it might understandably have reached a different result upon a *de novo* review. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982); *Koffsky*, 26 F. Supp. at 478 (quoting *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991)).

**C. Application To The Facts Of This Case**

The Plaintiff asks this Court to remand the case back to the Commissioner for further proceedings to remedy what the Plaintiff believes was a deprivation of a full and fair ALJ hearing. *See Cruz v. Barnhart*, 343 F. Supp. 2d 218, 220 (S.D.N.Y. 2004) (stating that before a court analyzes the merits of a Social Security case, "[t]he reviewing court 'must first be satisfied that the claimant has had a full hearing under the regulations and in accordance with the beneficent purposes of the [Social Security] Act'" (quoting *Cruz v. Sullivan,* 912 F.2d 8, 11 (2d Cir. 1990) (internal citations omitted))).

The Plaintiff contends that he was deprived of a full and fair hearing because (1) the ALJ afforded insufficient weight to the opinions of the Plaintiff's treating physicians and failed to appropriately evaluate the opinions of Drs. Fuchs and Caiati in his assessment of the Plaintiff's residual functional capacity; and (2) the Appeals Council improperly rejected the Plaintiff's vocational expert's testimony. In opposition, the Commissioner argues that the ALJ's decision that the Plaintiff was not disabled is supported by substantial evidence and that the vocational expert testimony was not "new" evidence. The Court will address each of these issues in turn.

1. **As To The Application Of The Treating Physician Rule**

   a. **As To The Plaintiff's Treating Physicians**

First, as mentioned above, the Plaintiff argues that the ALJ committed legal error by arbitrarily and capriciously ascribing "limited weight" to the opinions of treating physician Drs. Goldstein, Vlartas and Hearns, without properly explaining why limited weight was afforded based on the prescribed factors.

Under the treating physician rule, the opinion of a claimant's treating physician as to the nature and severity of the claimant's impairments is given "controlling weight," so long as it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (quoting 20 C.F.R. § 404.1527(d)(2)); *Bonneau v. Astrue*, No. 5:13-cv-26, 2014 WL 31301, at *5 (D. Vt. Jan. 3, 2014) (same). Although, the Court is generally required to defer to the medical opinion of a treating physician, *see Schisler v. Sullivan*, 3 F.3d 563, 567-68 (2d Cir. 1993), those findings may not be accorded controlling weight if they are inconsistent with other substantial evidence, including the opinions of other medical experts. *Burgess*, 537 F.3d at 128. The ALJ must consider the following factors if it decides to afford less than controlling weight to a treating physician's opinion: "(1) the frequently, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (citing *Burgess*, 537 F.3d at 129).

In the Second Circuit, the ALJ is required to "give good reasons in [his] notice of determination or decision for the weight [he] gives [claimant's] treating source's opinion." *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998) (internal citations omitted). The ALJ is

7

not required to cite each factor explicitly in its decision, but must ensure it applies the substance of the rule. *Halloran*, 362 F.3d at 32.

In order for the Court to determine whether a treating physician's opinion is consistent with other substantial evidence in the administrative record, the Court must keep in mind that "genuine conflicts in the medical evidence are for the ALJ to resolve." *Gunter v. Comm'r of Soc. Sec.*, 361 F. App'x 197, 199 (2d Cir. 2010). The ALJ cannot substitute "his own assessment of the relative merits of the objective evidence and subjective complaints for that of a treating physician." *Garcia v. Barnhart*, No. 01-cv-8300, 2003 WL 68040, at *7 (S.D.N.Y. Jan. 7, 2003).

ALJ Kilgannon assigned "limited weight" to the opinions of all three of the Plaintiff's treating physicians. While the Plaintiff claims that these opinions were improperly accorded an incorrect weight, the decision to assign controlling weight to a treating physician's opinion is proper as long as it is supported by medically acceptable diagnostic techniques and is consistent with substantial evidence in the record. In the instant case, the ALJ properly accorded the opinions of the Plaintiff's treating physicians "limited weight."

The ALJ gave limited weight to the opinions of the Plaintiff's treating physicians primarily for two reasons. First, as ALJ Kilgannon stated, "[l]ess weight is given to th[ese] opinion[s] as [they are] unsupported by the diagnostic testing." R. at 54. The Plaintiff's diagnostic testing included magnetic resonance imaging ("MRI"), x-rays, and an arthrogram. These tests, which were administered in 2013, do not demonstrate that the Plaintiff was barred from all future employment opportunities by the severity of his injuries. *See* R. at 53-56.

This was a proper application of the third factor, the medical opinion's consistency with the record as a whole, to the instant facts. *See* 20 C.F.R. § 404.1527(c)(3)-(4) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and

laboratory findings, the more weight we will give that medical opinion. … Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). This determination by the ALJ is supported by substantial evidence, as an evaluation of the record reveals inconsistencies with other medical records. *See, e.g.*, R. at 53-56.

This was also a proper application of the second factor, "the amount of medical evidence supporting the opinion." *Selian*, 708 F.3d at 418; *accord Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). The ALJ's examination of the drastic inconsistencies between the opinions of the treating physicians and the laboratory findings constitutes explicit consideration of the amount of medical evidence supporting the ALJ's opinion.

Second, ALJ Kilgannon determined that the opinions of the Plaintiff's three treating physicians were accorded limited weight because they were inconsistent with Drs. Caiati and Fuchs. Dr. Caiati is a consultative physician who examined the Plaintiff on June 11, 2015.

> Specifically, Dr. Caiati assessed that, in an 8 hour workday, the claimant can sit for 8 hours, stand/walk for 8 hours, and lift and carry 21 to 50 pounds occasionally. He can continuously reach, overhead reach, handle, finger, feel, push, and pull. Further, the claimant has the occasional ability to climb ladders and scaffolds, and balance. He can frequently climb stairs and ramps. He can never stoop, kneel, crouch, or crawl.

R. at 55-56. Dr. Fuchs is a medical expert who responded to interrogatories on July 3, 2015. When a treating physician's opinion is inconsistent with other substantial evidence in the record, the ALJ may afford the treating physician less weight. *See Halloran*, 362 F.3d at 32 ("[T]he opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts." (internal citations omitted)). As detailed in Section II.C.1.b, the opinions of Drs. Caiati and Fuchs constitute substantial evidence as they are supported by the administrative record.

9

The Plaintiff also argues that the ALJ did not properly consider the specialties of the physicians at issue. Specifically, he contends that ALJ Kilgannon incorrectly labeled Dr. Caiati as an orthopedist, thereby improperly weighing Dr. Caiati's opinions against those of the Plaintiff's treating physicians. The Court is not persuaded that the ALJ's misstatement altered his analysis or ultimate decision, s*ee Halloran*, 362 F.3d at 32-33; *Volger v. Colvin*, No. 4:14-cv-1531, 2015 WL 5254397, at *5 (E.D. Mo. Sept. 9, 2015), as the ALJ's discussion of Dr. Caiati specifically notes that he considered the physician's treatment record, which was "based on a complete evaluation and history." R. at 55-56. Given that Dr. Caiati's opinions were consistent with the administrative record, such a complete analysis is sufficient to provide substantial evidence.

In sum, the Court finds that the ALJ complied with the substance of the treating physician rule. *See Halloran*, 362 F.3d at 32; *Reyes v. Colvin*, No. 13-cv-4683, 2015 WL 337483, at *16 (S.D.N.Y. Jan. 26, 2015) ("Although the ALJ is required to explicitly consider all of the factors, the ALJ is not required to explicitly 'address or recite' each factor in his decision."); *Duval v. Colvin*, No. 6:13-cv-495, 2014 WL 4637092, at *12 (N.D.N.Y. Sept. 16, 2014) ("[T]here is no requirement to recite and discuss each and every factor slavishly[.]"). The facts in the record, together with the ALJ's explanation of his decision demonstrate a proper application of the treating physician rule as applied to the Plaintiff. *See Marquez v. Colvin*, No. 12-cv-6819, 2013 WL 5568718, at *12 (S.D.N.Y. Oct. 9, 2013) ("Although the ALJ did not explicitly recite the factors, his decision nonetheless adequately considered each factor.").

Therefore, the Court finds that the ALJ did not abuse his discretion by according limited weight to the medical opinions of Drs. Goldstein, Vlartas and Hearns.

### b. As To Dr. Caiati and Dr. Fuchs

Further, the Plaintiff argues that the ALJ improperly accorded Dr. Caiati "great weight" and Dr. Fuchs "significant weight." R. at 55-56. The Court disagrees. Dr. Jerome Caiati is a consultative examiner in this manner. As mentioned previously, Dr. Caiati indicated in relevant part:

> that, in an 8 hour workday, the claimant can sit for 8 hours, stand/walk for 8 hours, and lift and carry 21 to 50 pounds occasionally. He can continuously reach, overhead reach, handle, finger, feel, push, and pull. Further, the claimant has the occasional ability to climb ladders and scaffolds, and balance. He can frequently climb stairs and ramps. He can never stoop, kneel, crouch, or crawl.

R. at 55-56. In the Second Circuit, the ALJ is entitled to rely upon the opinions of consultative examining physicians, as they may constitute substantial evidence if the administrative record supports them. *See Rosier v. Colvin*, 586 F. App'x. 756, 758 (2d Cir. 2014); *Petrie v. Astrue*, 412 F. App'x. 401, 405 (2d Cir. 2011) ("The report of a consultative physician may constitute [ ] substantial evidence."); *Diaz v. Shalala*, 59 F.3d 307, 315 (2d Cir. 1995); *Mongeur*, 722 F.2d at 1039 ("It is an accepted principle that the opinion of a treating physician is not binding if it is contradicted by substantial evidence, and the report of a consultative physician may constitute such evidence." (internal citations omitted)); *Frawley v. Colvin*, No. 5:13-cv-1567, 2014 WL 6810661, at *9 (N.D.N.Y. Dec. 2, 2014) ("The opinions of consultative examiners … may constitute substantial evidence where, as here, it is supported by the medical evidence in the record.").

An ALJ is permitted to accord greater weight to a consultative examiner's opinion if the conclusions are more consistent with the medical evidence. *See, e.g.*, *Rivera v. Colvin*, No. 13-cv-7150, 2015 WL 1027163, at *16 (S.D.N.Y. Mar. 9, 2015). Here, Dr. Caiati's opinion was "based on a complete evaluation and history," R. at 55-56, and is supported by evidence in the administrative record. *See, e.g.*, *id.* at 367-68. As such, it was appropriate for the ALJ to assign his opinion "great weight."

Dr. Louis A. Fuchs, an orthopedic surgeon, served as a medical expert for the agency. He provided a functional assessment as part of his review of the record in this case, which provided, in relevant part:

> The medical expert assessed that, in an 8 hour workday, the claimant can sit for 8 hours, stand/walk for 3 hours, and lift and carry up to 20 pounds frequently. He can occasionally reach overhead, and continuously reach, handle, finger, feel, push, and pull. The claimant can never climb ladders or scaffolds, and has the occasional ability to climb stairs and ramps, balance, stoop, kneel, crouch, and crawl.

R. at 56.

Non-examining medical consultants, such as Dr. Fuchs, may provide opinions, which constitute substantial evidence. *See Leach v. Barnhart*, No. 02-cv-3561, 2004 WL 99935, at *9 (S.D.N.Y. Jan. 22, 2004) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As such, their opinions may constitute substantial evidence if they are consistent with the record as a whole."). In the case of Dr. Fuchs, the Court finds that his opinion is largely consistent with the record. Further, it is reasonable for the ALJ to have accorded "significant weight" to the medical opinions, rather than "great weight," as one portion of his opinion was inconsistent with the ALJ's residual functional capacity assessment.

Consequently, the Court finds that the ALJ did not abuse his discretion by according great weight to the medical opinion of Dr. Caiati and significant weight to the medical opinion of Dr. Fuchs.

**2. As To Whether The Appeals Council Improperly Rejected A Letter From A Vocational Expert**

The Plaintiff further contends that the Appeals Council erred by improperly rejecting a vocational expert's letter, which was submitted by the Plaintiff for the first time to the Appeals Council.

The applicable regulations allow a claimant to submit supplementary evidence to the Appeals Council as part of its request for review of the ALJ's decision. *See Perez*, 77 F.3d at 44 (citing 20 C.F.R. §§ 404.970(b), 416.1470(b)). These regulations require the Appeals Council to consider "new and material" evidence that "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b). "While evidence submitted to the Appeals Council becomes part of the administrative record, the Appeals Council, in reviewing a decision based on an application for benefits, will consider new evidence only if (1) the evidence is material, (2) the evidence relates to the period on or before the ALJ's hearing decision, and (3) the Appeals Council finds that the ALJ's decision is contrary to the weight of the evidence, including the new evidence." *Rutkowski v. Astrue*, 368 F. App'x 226, 229 (2d Cir. 2010) (citing 20 C.F.R. § 416.1470); *Baladi v. Barnhart*, 33 F. App'x 562, 564 (2d Cir. 2002). "'Weight of the evidence' is defined as the balance or preponderance of evidence; the inclination of the greater amount of credible evidence to support one side of the issue rather than the other." *Yackel v. Astrue*, No. 5:06-cv-626, 2009 WL 1288548, at *15 (N.D.N.Y. May 7, 2009) (internal citations omitted).

When the Appeals Council denies a claimant's request for review, such as here, the district court "simply review[s] the entire administrative record, which includes the new evidence, and determine[s], as in every case, whether there is substantial evidence to support the decision of the Secretary." *Perez*, 77 F.3d at 46; *see also* 20 C.F.R. §§ 404.970(b), 416.1470(b).

As the Appeals Council noted, the new evidence submitted by the Plaintiff "is about a later time" than August 28, 2015, the time of the ALJ decision. R. at 2. In such a case, it is the Court's responsibility "to determine if the Appeals Council erred when it determined that the new evidence was insufficient to trigger review of the ALJ's decision." *Pearson v. Astrue*, No. 1:10-cv-521,

13

2012 WL 527675, at *11 (N.D.N.Y. Feb. 17, 2012) (citing *Edwards v. Astrue*, No. 5:07-cv-898, 2010 WL 3701776, at *7 n.12 (N.D.N.Y. 2010)).

In this case, the Appeals Council stated in its decision, in relevant part:

> We also looked at the letter from Andrew J. Pasternak, M.A., CRC, a Vocational Expert with Unlimited Potential Resources dated December 30, 2015. The [ALJ] decided your case through August 28, 2015 (11 pages). This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before August 28, 2015.

R. at 2. It is therefore clear that the Appeals Council considered Mr. Pasternak's letter, *see* R. at 10-19, but determined that it did not undercut ALJ Kilgannon's ruling.

An examination of the letter at issue reveals that the opinions and conclusions of Mr. Pasternak are based on "a comprehensive vocational functional capacities evaluation and skills analysis." R. at 10. These "standardized tests and work samples" were administered to the Plaintiff in December 2015, five months after the ALJ's decision. Further, these tests analyzed the Claimant's disabilities as of the date of the examination; they did not relate back to past symptoms or injuries that were present before the ALJ decision. When the new evidence at issue does not "relate[] to the period on or before the ALJ's hearing decision," the Appeals Council may not consider such evidence. Given the considerable passage of time, the Appeals Council properly determined that the assessment of Mr. Pasternak, which was prepared five months after the issuance of the ALJ's denial, did not constitute new and material evidence necessitating the reversal of ALJ Kilgannon's decision.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Plaintiff's motion for judgment on the pleadings pursuant to Rule 12(c) is denied in its entirety, and the Defendant's motion for judgment on the pleadings is granted in its entirety.

The Clerk of the Court is respectfully directed to close this case.

It is **SO ORDERED:**

Dated: Central Islip, New York

January 5, 2018

                                                                ___*/s/ Arthur D. Spatt*_____

                                                                ARTHUR D. SPATT

                                                                United States District Judge